INHABITANTS OF WASHINGTON *vs.* PHILIP EAMES.

If the selectmen of a town who appoint an agent for the sale of intoxicating liquors, under *St.* 1855, *c.* 215, § 5, agree with him that the amount of his compensation shall depend upon the amount of sales, no action can be maintained against him by the town for a failure to account for the proceeds of the business, although he executed a bond as agent, in the form required by the statute.

TORT against a person who was appointed, and gave bond in the form required by the statute, as agent of the town of Washington for the sale of intoxicating liquors.

After the former decision in this case, reported in 6 Allen, 417, the defendant had leave to file an answer; and at the trial in the superior court, before *Vose*, J., the jury returned a verdict for the plaintiffs, under instructions authorizing them to do so, upon facts which are sufficiently stated in the opinion. The defendant alleged exceptions.

*J. D. Colt & T. P. Pingree, Jr.*, for the defendant, cited *St.* 1855, *c.* 215, §§ 1, 5; *King* v. *Green*, 6 Allen, 139; *Commonwealth* v. *Thorniley*, Ib. 446; *Way* v. *Foster*, 1 Allen, 408; *Mills* v. *Western Bank*, 10 Cush. 22; *Duffy* v. *Gorman*, Ib. 45; *Western Bank* v. *Mills*, 7 Cush. 539; *White* v. *Buss*, 3 Cush. 450.

*S. W. Bowerman*, for the plaintiffs.

HOAR, J. The defendant's agency for the plaintiffs was cre ated by the appointment made by the selectmen, under *St.* 1855, *c.* 215, § 5. By that statute, the compensation of the agent of a town for the sale of intoxicating liquor is to be fixed by the selectmen who appoint him; and it is expressly provided that the amount of the compensation is not to depend upon the amount of sales. The selectmen who appointed the defendant, in direct violation of the statute, agreed with him that his compensation should depend on the amount of sales. They thus employed him by an illegal contract, and he proceeded to carry on, under this appointment, a traffic in other respects illegal. No action can be maintained by the town for a failure to account for the proceeds of such a business under such a contract. He would be responsible to the town only for their property received by him; and this, it seems, he has accounted for.

*Exceptions sustained.*